UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 16-96 |
| ANDRE BOWYER | SECTION: "J" (1) |

### ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 65)** filed by Defendant, Andre Bowyer, and an opposition thereto (Rec. Doc. 67) filed by the Government. Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendant's motion should be **DENIED**.

### FACTS AND PROCEDURAL BACKGROUND

On October 27, 2016, Defendant was convicted of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 for his involvement in a conspiracy to defraud elderly victims of money under the guise that they had won a sweepstakes. (Rec. Doc. 1). This Court sentenced him to 78 months of imprisonment. (Rec. Doc. 55). Defendant has served 52 months of that sentence and is currently housed at FCI McKean, in Lewis Run, Pennsylvania with a projected release date of January 29, 2022. On September 16, 2020, Defendant's motion for compassionate release, seeking relief under 18 U.S.C. § 3582(c)(1)(A), was filed into the record.

### DISCUSSION

As an antecedent matter, it is undisputed that Defendant has satisfied the procedural requirements necessary to bring a compassionate release motion on his

own behalf. § 3582(c)(1)(A). Because Defendant's motion for compassionate release is properly before the Court, the Court must determine whether Defendant has met his burden of proving he is entitled to a sentence reduction under § 3582(c)(1)(A). *See United States v. Jones,* 836 F.3d 896, 899 (8th Cir. 2016) (the movant bears the burden of proving he is entitled to a sentence reduction). A defendant seeking a sentence reduction must establish that "extraordinary and compelling reasons warrant the reduction" and "[he] is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. These requirements derive from the Sentencing Commission's Policy Statement ("Policy Statement") on sentencing reductions under § 3582(c)(1)(A).

The Policy Statement further clarifies that "extraordinary and compelling reasons" encompasses only small, specific sets of circumstances. U.S.S.G. § 1B1.13, cmt. n.1(A). Namely, there are three recognized circumstances that may facilitate an inmate's early release: "(a) 'a medical condition'—specifically, 'a terminal illness' or a condition that 'substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover'; (b) 'age'—starting at age 65; and (c) 'family circumstances.'" *United States v. Calogero,* 2020 U.S. Dist. LEXIS 98466, at *3 (E.D. La. Apr. 14, 2020) (Vance, J.) (internal citation omitted).[1]

---

[1] The Court notes that there is some dispute over whether the Sentencing Commission's Policy Statement remains binding in light of the statutory changes enacted by the First Step Act. *See Dillon v. United States,* 560 U.S. 817, 830 (2010) (holding that the Policy Statement is binding when evaluating sentence reduction requests under Section 3582); *cf. United States v. Perdigao,* No. 2:07-cr-00103 (E.D. La. Apr. 2, 2020) (Doc. No. 237 at 5) (finding that the policy statement is no longer dispositive). The Court finds it is not necessary to decide this issue at this time, as, at the very

Defendant has not alleged that he suffers from any medical conditions. Defendant is 29 years old, so he does not meet the age requirement for consideration of compassionate release based on his age. Defendant failed to include in his motion to this Court any information alleging family circumstances warranting compassionate release. However, in his letter to the warden, Defendant argued that he should be released to financially assist his family because he has a 4-year-old daughter whose mother is unemployed. (Rec. Doc. 67-B, at p. 2).

Family circumstances can only justify compassionate release in extreme situations, such as the incapacitation or death of the caregiver of a minor child. *See, e.g., United States v. Ellis*, No. CR 15-124, 2020 WL 5073562, at *3 (E.D. La. Aug. 26, 2020) (denying compassionate release for family circumstances where the caregiver of the defendant's minor child suffered from various serious medical conditions but was not incapacitated); *United States v. Sam*, No. CR 17-83, 2020 WL 3415771, at *3 (E.D. La. June 22, 2020) (denying compassionate release for family circumstances where the mother of the defendant's children contracted COVID-19 twice but no evidence was provided that the mother was incapacitated or that there were no other caregivers available). In the present case, Defendant has failed to allege that the mother of his daughter is incapacitated or suffers from any medical conditions that could incapacitate her. Further, Defendant has not alleged that the mother of his daughter is the child's only available caregiver. For these reasons,

---

least, the Policy Statement remains instructive. *See United States v. LeBlanc,* 2020 WL 2331690 (E.D. La. May 11, 2020); *Perdigao*, No. 07-cr-103 (although not dispositive, the Policy Statement remains instructive.).

Defendant has not demonstrated family circumstances that justify compassionate release.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's *Motion for Compassionate Release* **(Rec. Doc. 65)** is **DENIED**.

New Orleans, Louisiana, this 6th day of October, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

4